**James William GILLIAM, II**

v.

**NATIONAL COMMISSION FOR CERTIFICATION OF PHYSICIAN ASSISTANTS, INC., et al.**

Civ. A. No. 89–1698.

United States District Court,
E.D. Pennsylvania.

Dec. 18, 1989.

James W. Gilliam, II, Philadelphia, Pa., pro se.

David Donaldson, Philadelphia, Pa., for Pa. State Board of Medicine et al.

Charles H. Ivy, Joseph C. Chancey, Nat. Com'n et al., Atlanta, Ga., James G. Rosenberg, Douglas F. Schleicher, Nat. Com'n et al., Philadelphia, Pa., for Nat. Com'n et al.

## MEMORANDUM AND ORDER

FULLAM, Chief Judge.

On November 6, 1989, 727 F.Supp. 1512, I filed a Memorandum and Order dismissing plaintiff's complaint in this action *with prejudice.* That was a final order, which disposed of the case on the merits. Shortly thereafter, plaintiff duly filed a notice of appeal.

After filing his notice of appeal, plaintiff, by letter, tendered for filing the following documents: an amended complaint, a brief of amended complaint, and a supplemental brief of amended complaint. By letter dated November 18, 1989, received November 21, 1989, plaintiff made clear his view that the proposed amendment of the complaint would aid in the appellate process, since he wished to supplement the record by adding certain exhibits which he apparently feels would be helpful to the appellate court. The defendants oppose the filing of the amended complaint, but only on the ground that, since the original complaint was dismissed with prejudice, plaintiff obviously does not have the right to file an amended complaint. In addition, the defendants note that the amended complaint does not differ materially from the complaint which was previously dismissed with prejudice.

When plaintiff filed his notice of appeal, this court was automatically divested of jurisdiction to take any further action affecting the merits of the case. Treating plaintiff's correspondence as constituting a motion for leave to file an amended complaint, it is apparent that such motion must be denied, for lack of jurisdiction. The Court of Appeals is the only court which now has jurisdiction over the case. Since plaintiff is acting *pro se,* however, it is appropriate to point out that F.R.App.P. 10(d) permits the parties to an appeal to agree among themselves as to what should constitute the record on appeal; perhaps counsel for the defendants would be willing to agree to have the additional exhibits included in that record, by stipulation. Alternatively, it should be noted that F.R. App.P. 10(e) permits correction or modification of the record for purposes of appeal, either by stipulation among the parties, or by order of the district court. (For that limited purpose, the rule expressly permits the district court to act, notwithstanding the pendency of the appeal).

An order follows.

## ORDER

AND NOW, this 18th day of December, 1989, it is ORDERED:

1. Plaintiff's letters of November 13, 1989 and November 18, 1989, shall be construed as constituting a motion for leave to file an amended complaint, and shall be docketed.

2. Plaintiff's motion for leave to file an amended complaint is DENIED, for lack of jurisdiction, in view of the previous filing of a notice of appeal.